**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EARL F. HILTON; FRANK R. MARRS;
CAROLYN H. MARRS; MARGARET A.
MURPHY; CHARLES J. WOODWORTH,
Plaintiffs-Appellants,

v.

No. 98-1852

FIRST UNION CORPORATION, a North
Carolina Corporation, for itself and
also as successor by merger to
Signet Banking Corporation,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-98-118)

Argued: January 25, 1999

Decided: March 22, 1999

Before WILKINSON, Chief Judge, and WILLIAMS and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bradley Phipps Marrs, MEYER, GOERGEN & MARRS,
P.C., Richmond, Virginia, for Appellants. Paul Wilbur Jacobs, II,

CHRISTIAN & BARTON, L.L.P., Richmond, Virginia, for Appellee. **ON BRIEF:** Robert L. Wise, MEYER, GOERGEN & MARRS, P.C., Richmond, Virginia, for Appellants. Michael W. Smith, Craig T. Merritt, CHRISTIAN & BARTON, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In this securities case, certain shareholders appeal, asserting that the district court erred in dismissing their complaint for failure to state a claim. We affirm.

I.

Earl F. Hilton, Frank R. Marrs, Carolyn H. Marrs, Margaret A. Murphy, and Charles J. Woodworth, owners of Signet Banking Corporation common stock during the month of August 1997, brought this action against First Union Corporation.

On July 18, 1997, Signet and First Union executed a merger agreement whereby they agreed that Signet would merge with and into First Union. The shareholders maintain that the merger agreement and related documents, including the prospectus and proxy statement, contain misrepresentations and omissions in violation of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78(j)(b) and 78(n)(a) (1993). They also maintain that these asserted misrepresentations and omissions violate the Virginia Securities Act, Va. Code Ann. §§ 13.1-502, 13.1-522 (Michie 1998).

The crux of the shareholders' argument is that in these documents First Union "misrepresented and promised that there would be a third

2

quarter 1997 dividend in the amount of $0.21/share" paid to all Signet shareholders. The shareholders maintain that they never received the promised third quarter dividend and contend that First Union wrongfully deprived them, and all similarly situated members of the class they sought to have certified, of this dividend.

II.

The district court carefully considered the shareholders' claims. After meticulously analyzing the facts and then applying the relevant principles of law to those facts, the court concluded that the shareholders had failed "to show any misstatement or omission." For this reason, the court concluded that it was "not necessary" for it to "address the questions of materiality, cause or connection between the alleged disception in any subsequent purchase or sale, or the applicability of the benefit-of-the-bargain theory to this case." Having dismissed the securities claims, the district court declined to retain jurisdiction over the state law claim and so dismissed them as well.

III.

After careful review of the record in this case, the applicable legal authorities, the briefs of the parties, and after having had the benefit of oral argument, we affirm on the basis of the district court's well reasoned opinion. See Earl F. Hilton v. First Union Corporation, Civ. No. 3:98CV118 (E.D. Va. May 12, 1998).

AFFIRMED

3